Silano v. Hammel

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
19ᵗʰ day of June, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
_____

VIRGINIA SILANO,

                    *Plaintiff-Appellant*,


             v.                                          19-1600

KEVIN HAMMEL,

                    *Defendant-Appellee*.


_____

Appearing for Appellant:     Virginia Silano, pro se, Trumbull, CT.

Appearing for Appellee:      Dennis M. Durao, Karsten & Tallberg, LLC, Rocky Hill, CT.

Appeal from the United States District Court for the District of Connecticut (Dooley, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Appellant Virginia Silano appeals from the March 29, 2019 judgment of the United States District Court for the District of Connecticut (Dooley, *J.*), granting summary judgment in favor of defendant Kevin Hammel on the basis that Silano was judicially estopped from asserting her malicious prosecution claim for lack of probable cause and, on an alternative basis, that the record demonstrates probable cause as a matter of law. Because we affirm on the latter ground, we need not address estoppel. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"*Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

"Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (internal quotation marks omitted). Further, when an arrest is made pursuant to a warrant issued by a neutral magistrate, probable cause is presumed. *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007).

Upon independent review, we conclude, as the district court did, that there was no genuine issue of material fact with regard to the existence of probable cause for Silano's arrest for second-degree harassment. In Connecticut, "[a] person is guilty of harassment in the second degree when[,] . . . with intent to harass, annoy or alarm another person, [s]he makes a telephone call, whether or not a conversation ensues, in a manner likely to cause annoyance or alarm." Conn. Gen. Stat. § 53a-183(a)(3). Hammel's arrest warrant application relied on two sources: (1) sworn statements from George Cooney, Silano's neighbor in the Pinewood Lake residential community, detailing multiple occasions when Silano falsely told Pepsi that in the course of Cooney's business relationship with the company he "acted in a negative manner" while selling Pepsi products and sold "expired and dirty" soda cans not just within their residential community but in "every store in Trumbull," as well an allegation that Cooney improperly recovered Pepsi products in New York and redistributed them in Connecticut, App'x at 20-21; and (2) statements made by Cooney's business associate, Marc Aliberti, that a Pepsi representative confirmed to him the dates and contents of Silano's calls to Pepsi, including other allegations by Silano that Cooney sold "Pepsi products in a negative manner by cursing and being rude to customers in and around the area of Trumbull, CT." *id.* at 17; *see also id.* at 23-26. These statements from identified sources provided a reasonable basis for law enforcement to think Silano had engaged in second-degree harassment. *See Fabrikant v. French,* 691 F.3d 193, 216 (2d Cir. 2012) ("A law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." (internal quotation marks, citation, and alteration omitted)).

Although Silano contends that her intent in calling Pepsi was to file legitimate consumer complaints, Hammel also could have reasonably interpreted the calls to be consistent with an

intent to harass Cooney. "The law has long recognized that probable cause does not demand evidence of every element of a crime—not even to support a person's arrest." *Ganek v. Leibowitz*, 874 F.3d 73, 86 (2d Cir. 2017). Because Hammel's application for a warrant sufficiently demonstrated that Silano probably had made the phone calls, it was not required to definitively show that she had the requisite intent. *See id.* Nor was Hammel required to determine whether Silano was telling the truth about the complaints before filing for an arrest warrant. *See Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989) ("It is up to the factfinder to determine whether a defendant's story holds water, not the arresting officer.").

Silano further faults Hammel for excluding from his warrant application the statements she provided and for not seeking to dismiss the charges once Silano's other neighbor also said that Cooney sold expired Pepsi products within the residential community. But these arguments fail because her innocent explanation for contacting Pepsi did not eliminate probable cause, which was established by statements made by Cooney and his associate. "Probable cause does not necessarily disappear simply because an innocent explanation may be consistent with facts that an officer views as suspicious." *Figueroa v. Mazza*, 825 F.3d 89, 102 (2d Cir. 2016) (internal quotation marks omitted). Instead, an officer must weigh the explanation and its context along with the other evidence. *Id.* Although the neighbor's statement may have supported Silano's version of events with respect to sales of expired Pepsi cans within the residential community, it did not confirm other aspects of Silano's calls, which included allegations that Cooney sold expired Pepsi products to every store in Trumbull; that he recovered cans from New York and redistributed them in Connecticut; and that he was rude to customers, even though Cooney asserted in his sworn statement that in his job he does not have contact with the public.

To the extent that Silano contends that Hammel should have performed a better investigation when she informed him that her complaints were legitimate, that argument is meritless. "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).

In sum, the district court correctly concluded that Silano fails to point to facts overcoming the presumption of probable cause established by the warrant supporting her arrest.

For the foregoing reason, and without regard to judicial estoppel, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk